IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JACQUELYN L. JELINSKI | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:16cv362-HSO-JCG |
| | § | |
| CHRISTINA O'MALLEY-BEAGLE, | § | |
| *et al.* | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT JACKSON COUNTY, MISSISSIPPI'S,
[99] MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion [99] for Summary Judgment Based on State Law Immunity filed by Defendant Jackson County, Mississippi. After due consideration of the Motion [99], the record, and relevant legal authority, the Court finds that Jackson County's Motion [99] for Summary Judgment should be granted, and Plaintiffs' claim against Jackson County should be dismissed with prejudice.

I. BACKGROUND

A. Relevant Factual Background

At some time on or prior to March 21, 2013, Defendant Eaton Properties, LLC ("Eaton"), contracted with Defendant homeowners Christina O'Malley-Beagle ("Ms. O'Malley-Beagle") and Mark D. Beagle ("Mr. Beagle") (collectively, the "Beagles") to construct a home at 7401 Belle Fontaine Road, Ocean Springs, Mississippi (the "Property"). *See, e.g.,* Dep. of Christopher Eaton [99-3] at 7. Eaton applied for a building permit for a single-family residence, *see* Application

1

[99-2] at 12-14, and on March 28, 2013, the Jackson County Planning Department issued a residential building permit for a new residence on the Property, *see* Permit [99-2] at 10-11. Defendant Luiz Rodriguez ("Mr. Rodriguez") was a subcontractor who constructed outdoor stairs at the Property. Dep. of Luiz Rodriguez [99-4] at 2.

On August 16, 2013, Jackson County Inspector Brian Autenrieth ("Mr. Autenrieth") conducted final electrical and mechanical inspections on the Property, both of which it passed. *See* Inspection History [99-2] at 25-26. The Jackson County Department of Code Enforcement Building Inspection issued a Certificate of Occupancy for the Property the same date.

According to Marcus Catchot ("Mr. Catchot"), Jackson County's Rule 30(b)(6) designee in this case, when a Certificate of Occupancy is issued by Jackson County, "that means you've met all the standards with everything that Jackson County has adopted at that time." Dep. of Jackson Cty.'s Rule 30(b)(6) Designee [99-10] at 61. The parties do not dispute that the applicable building code at the time was the 2012 International Residential Code ("IRC"). *See* Order [99-1] at 1; *see also* Jackson Cty.'s Mem. [100] at 2; Pl.'s Mem. [111] at 2.

At some point, the Beagles began offering the Property as a short-term rental property. Plaintiff Jacquelyn L. Jelinski ("Plaintiff" or "Ms. Jelinski") and her family rented the Property for a vacation beginning on July 8, 2016. Dep. of Christina O'Malley-Beagle [110-12] at 12-15; Pl.'s Dep. [110-10] at 15. Plaintiff alleges that on July 10, 2016, as she was walking down the exterior stairs, her foot slipped off the stairs, causing her to fall backwards onto her left foot. Pl.'s Dep.

[110-10] at 16-19. Plaintiff suffered a dislocated and fractured ankle and sought emergency medical treatment. *Id.* at 27-29. After Plaintiff returned home to Texas, a surgeon installed a plate and 11 screws in her ankle. *Id.* at 31-33.

B.  Procedural History

On October 12, 2016, Plaintiff filed a Complaint [1] in this Court against Defendants Our Lost Horizon, LLC; Ms. O'Malley-Beagle; Mr. Beagle; and Christopher Eaton d/b/a Eaton Properties, LLC. Compl. [1] at 4-6. Plaintiff has amended her Complaint several times, with the operative pleading now being the Fourth Amended Complaint [25], which was filed on January 12, 2017. The Fourth Amended Complaint [25] advances claims against Ms. O'Malley-Beagle; Mr. Beagle; Eaton; Mr. Rodriguez; LARS Home Consulting, LLC; and Jackson County, Mississippi ("Jackson County"). 4th Am. Compl. [25] at 1.

The Fourth Amended Complaint [25] is the first pleading to name Jackson County as a Defendant. *See* 3d Am. Compl. [6] at 1-11; 2d Am. Compl. [5] 1-11; 1st Am. Compl. [4] at 1-11; Compl. [1] at 1-11. According to Plaintiff, she has provided Jackson County notice of her claim in accordance with the requirements of the Mississippi Tort Claims Act, Mississippi Code §§ 11-46-1, *et seq.* ("MTCA"). *Id.* at 11.

The Fourth Amended Complaint [25] advances a negligence claim against Jackson County for purportedly negligently inspecting and approving the stairs as being code compliant when they were not, for negligently failing to follow its own ordinance and/or code in inspecting and approving the stairs, and for negligently

3

failing to properly train and supervise its employees, including its building inspectors. 4th Am. Compl. [25] at 10-12. Plaintiff maintains that at the time of inspection and issuance of the Certificate of Occupancy, the stairs did not comply with the 2012 IRC with respect to tread depth and nosing size. *See id.* at 4; Pl.'s Mem. [111] at 2.

Jackson County has filed a Motion for Summary Judgment [99] seeking dismissal of Plaintiff's claim against it. Jackson County contends that it is entitled to immunity under the MTCA, specifically under Mississippi Code §§ 11-46-9(1)(d) and 11-46-9(1)(h). Mot. [99] at 2. Jackson County also argues that Plaintiff's claim is time-barred by the one-year statute of limitations set forth in the MTCA. *Id.* (citing Miss. Code Ann. § 11-46-11(3)(a)). Plaintiff responds that Jackson County is not entitled to immunity under sections 11-46-9(1)(d) and 11-46-9(1)(h), Pl.'s Mem. [111] at 5-9, but she does not address Jackson County's statute-of-limitations argument, *see id.*

## II. DISCUSSION

A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to carry this initial burden, a movant "must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the

4

absence of a genuine issue of material fact." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted).

If the movant carries its burden, "[t]he burden then shifts to the nonmovant to demonstrate a genuine issue of material fact, but the nonmovant cannot rely on the allegations in the pleadings alone." *Id.* "Instead, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.* (quotation omitted). "A genuine dispute of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Savant v. APM Terminals*, 776 F.3d 285, 288 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party." *Id.*

B.   <u>Plaintiff's claim against Jackson County is time-barred.</u>

Even if Jackson County does not enjoy immunity under the MTCA, as Plaintiff maintains, Plaintiff's claim against it should nevertheless be dismissed because the MTCA's statute of limitations expired before Plaintiff filed her Complaint.

Mississippi Code § 11-46-11(3)(a) provides that

> [a]ll actions brought under this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after, except that filing a notice of claim within the required one-year period will toll the statute of limitations for ninety-five (95) days from the date the chief executive officer of the state entity or the chief executive officer or other statutorily designated official of a political subdivision receives the notice of claim.

5

Miss. Code Ann. § 11-46-11(3)(a).

The alleged actionable conduct that forms the basis of Plaintiff's claim against Jackson County relates to Mr. Autenrieth's inspection of the Property and the issuance of a Certificate of Occupancy on August 16, 2013. Plaintiff did not file the present lawsuit until October 12, 2016, over three years later. Moreover, Plaintiff did not name Jackson County as a Defendant until her Fourth Amended Complaint [25] which was filed on January 12, 2017. Absent tolling, which Plaintiff has not established, Jackson County has shown that Plaintiff's claim against it is barred by the MTCA's statute of limitations. *See* Miss. Code Ann. § 11-46-11(3)(a).

Plaintiff has offered no evidence or argument to suggest that tolling or any related theory would apply.[1] Plaintiff has not presented evidence sufficient to raise a genuine dispute of material fact as to whether the statute of limitations has run on her claim against Jackson County. Jackson County's Motion for Summary Judgment should be granted.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

---

[1] Plaintiff has not offered any evidence the she submitted her notice of claim within the one-year limitations period, and thus there is no 95-day tolling under the MTCA. *See* Miss. Code Ann. § 11-46-11(3)(a). However, even if this tolling period applied, Plaintiff's claim against Jackson County was still filed well beyond one-year and 95-days after the County's alleged negligence. *See id.*

6

Plaintiff's claim against Jackson County is barred by the applicable statute of limitations, and Jackson County's Motion for Summary Judgment [99] will be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [99] for Summary Judgment Based on State Law Immunity filed by Defendant Jackson County, Mississippi, is **GRANTED**, and Plaintiff Jacquelyn L. Jelinski's claim against Defendant Jackson County, Mississippi, is **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the stay of proceedings is **LIFTED**.

**SO ORDERED AND ADJUDGED** this the 4th day of October, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE